IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                               Civil Action No. 1:13CV119
                                               (Judge Keeley)

RONALD W. PAGE.,

        Defendant.

        v.

GENERAL MOTORS,

        Garnishee

## **AMENDED REPORT AND RECOMMENDATION/OPINION**[1]

Defendant Ronald Page ("Defendant"), presently an inmate at the Federal Correctional Institution in Morgantown, West Virginia, objects to and requests a hearing on a Continuing Writ of Garnishment served on General Motors Benefits Service Center ("GM") by Plaintiff United States of America ("Plaintiff") [D.E. 4]. Plaintiff served the writ to collect on a restitution provision in Defendant's Criminal Judgment in Criminal Case No. 11CR20738-1 in the United States District Court for the Eastern District of Michigan. The matter was transferred to this District on April 8, 2013 [D.E. 9]. The matter has been referred by United States District Judge Irene M. Keeley to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. section 636(b)(3) [D.E. 11]. Plaintiff filed its Response on February 20, 2013 [D.E. 6]. Defendant filed an "Answer to Government's Response to Relief Requested by Defendant" on March 1, 2013 [D.E. 7].

For te reasons set forth below, the undersigned Court RECOMMENDS Defendant's

---

[1]This Order is Amended solely to change the status of General Motors from "Defendant" to "Garnishee"

objection and request for hearing be DENIED.

**PROCEDURAL HISTORY**

On June 27, 2012, Defendant was sentenced to 15 months imprisonment pursuant to a plea of guilty to one count of Theft of Bank Funds [D.E. 15 Exhibit 1]. Paragraph 3E of the written plea agreement states: "The Court shall order restitution to Bank of America in the amount of $1,543,104." The Judgment ordered Defendant to pay $1,543,104 in restitution to Bank of America. Id.

On January 22, 2013, Plaintiff filed an Application for Writ of Continuing Garnishment directed to General Motors Benefits Service Center [D.E. 1]. At the time of the application only $200.00 had been paid toward the debt. The writ was issued on January 23, 2013 [D.E. 3]. On February 14, 2013, Fidelity Investments filed an Answer of Garnishee on behalf of General Motors [D.E. 5], explaining that "Fidelity is the administrative record keeper for the General Motors Hourly Pension Plan in which the Defendant is currently receiving a gross monthly benefit of $3,058.83." Id. Further, "Fidelity has been directed by the Plan sponsor, General Motors to place a restriction from any distributions on the Defendant's Plan account." Id.

**CONTENTIONS**

On February 11, 2013, Defendant filed a "Request for Hearing about the Garnishment and Claim for Exemptions" [D.E. 4]. Defendant claims that the garnishment of 25% of his monthly pension is "inappropriate, and is, in fact, in direct conflict with the sentencing order of US District Judge Sean F. Cox who presided over the criminal proceedings of the case." Defendant cites his Special Conditions of Supervision as included in the Judgment Order, which directs:

2

> The defendant shall make monthly payments on any remaining balance of the restitution at a rate and schedule recommended by the Probation Department and approved by the Court. [D.E. 4, Exhibit 1];

as well as the Schedule of Payments in the Judgment Order states which provides:

> Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:
>
> [F] Special instructions regarding the payment of criminal monetary penalties: **The restitution payments shall be made payable to the Clerk of the Court to be disbursed to Bank of America**.
>
> Unless the court has expressly ordered otherwise in the special instructions above, while in custody, the defendant shall participate in the Inmate Financial Responsibility Program. The Court is aware of the requirements of the program and approves of the payment schedule of this program and hereby orders the defendant's compliance. All criminal monetary penalty payments are to the made to the Clerk of the Court, except those payments made through the Bureau of Prison's Inmate Financial Responsibility Program.

(Emphasis in original). Defendant requests a hearing to determine that the Notice of Garnishment is invalid by virtue of being in conflict with the Court's order, and to further request the Court order that collection of restitution adhere to the provisions of the sentencing order of June 27, 2012. Id.

> Defendant also claims the following exemption:
>
> 11. Minimum exemptions for wages, salary and other income. - - - The exemptions under 26 U.S.C. section 6334(a)(9) do not apply in criminal cases. The exceptions under the Consumer Credit Protection Act, 15 U.S.C. section 1673, for disposable earnings, automatically apply and do not need to be claimed. The aggregate disposable earning of an individual for any workweek which is subjected to garnishment may not exceed (1) 25% of his disposable earnings for that week, or (2) the amount by which his disposable earnings for that week exceed thirty times the Federal minimum hourly wage in effect at the time the earnings are payable, whichever is less.

Id.

In response Plaintiff first states that it seeks to garnish 25% of Defendant's monthly pension, net of state and federal taxes. [D.E. 6]. Plaintiff further argues that by statute there are only three

issues that could be addressed at the requested hearing: 1) the validity of the exemption claims; 2) compliance with statutory requirements for the issuance of the Writ of Continuing Garnishment; and 3) in instances of default judgment, whether the claim underlying the judgment is valid and good cause exists for setting it aside. 28 U.S.C. section 3202(d)(1)-(3). Plaintiff concludes that Defendant has not raised any of these issues in his Request for hearing, "alleging instead that there is a $100 per month payment plan through the Inmate Financial Program which should control and preclude the additional garnishment." Id.

Defendant, in his Answer, responds that the 25% is a ceiling, not a floor, and "that courts have the authority to impose an amount below 25%," citing 28 USC section 3013. [D.E. 7].

## LEGAL STANDARDS

The United States Attorney is responsible for the collection of criminal monetary penalties. 18 U.S.C. section 3612(c). The Mandatory Victim Restitution Act ("MVRA"), pursuant to 18 U.S.C. section 3664(m)(1)(A)(I) allows the United States to "enforce a judgment imposing a fine [or restitution] in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." 18 U.S.C. Section 3613(a); see also U.S. v. Ekong, 518 F.3d 285 (5th Cir. 2007)(finding that the MVRA "provides the Government authority to enforce victim restitution orders in the same manner that it recovers fines and by all other available means.") This section applies in this matter because "all provisions of [18 U.S.C. section 3613] are available to the United States for the enforcement of an order of restitution." 18 U.S.C. section 3512(f). Under this section a judgment may be enforced against "all property or rights to property of the person fined" except that certain property exemptions from taxation pursuant to I.R.C. section 6334(a)(1)-(8), (10), and (12) shall be exempt from enforcement of the judgment. 18 U.S.C. Section

4

3613 (a)(1).

Among the means available to the United States for enforcing criminal monetary penalties are the procedures of the Federal Debt Collection Procedures Act ("FDCPA"), which include garnishment procedures. 28 U.S.C. section 3205. In order to satisfy a judgment against the debtor - - i.e., to collect the restitution owed - - 28 U.S.C. Section 3205(a) allows a court to issue a writ of garnishment for property in the possession of a person other than the debtor in which the debtor has a substantial nonexempt interest. Id.

## ANALYSIS

Defendant's request was filed after the Clerk's Office from the Eastern District of Michigan mailed a Notice of Garnishment, sent on January 23, 2013 [D.E. 3]. The Notice described to Defendant his rights relating to the proceedings, including his right to ask the Court to apply any exemption to which he felt entitled and his right to request a hearing [D.E. 3]. Defendant was advised that the hearing "will take place within 5 days after the Clerk receives your request, if you ask for it to take place that quickly, or as soon after that as possible," and also explained that "[a]t the hearing you must be prepared to explain to the judge why you think the Government is not entitled to the funds garnished."

The statutory section relating to Defendant's request for a hearing on garnishment is found at 28 U.S.C. section 3202(d), which provides significant limitations on objections to be considered at such a hearing:

> By requesting, within 20 days after receiving the notice described in section 3202(b), the court to hold a hearing, the judgment debtor may move to quash the order granting such remedy. The court that issued such order shall hold a hearing on such motion as soon as practicable, or, if so requested by the judgment debtor, within five days after receiving the request or as soon thereafter as possible. The issues at such hearing shall be limited - -

5

(1) to the probable validity of any claim of exemption by the judgment debtor;

(2) to compliance with any statutory requirement for the issuance of the post judgment remedy granted; and

(3) if the judgment is by default and only to the extent that the Constitution or another law of the United States provides a right to ta hearing on the issue, to (A) the probable validity of the claim for the debtor which is merged in the judgment; and (B) the existence of good cause for setting aside such judgment.

Defendant does not raise any valid issues enumerated in 28 U.S.C. section 3202(d)(1)-(3). It is undisputed that the judgment was not by default. Defendant does not raise any issue regarding compliance with any statutory requirement. He did check the box for minimum exemptions for wages, salary and other income; however, the Government has already complied with this exemption by limiting the garnishment to 25% of Defendant's net earnings. Defendant expressly requests the hearing "to determine that the Clerk's Notice of Garnishment is invalid by virtue of being in conflict with the Court's order, and to further request this Court order that collection of restitution in this case adhere to the provisions of the Court's sentencing order of June 27, 2012." [D.E. 4]. In particular, he argues his pension should not be garnished because he is participating in the Inmate Financial Responsibility Program, as order by the Court [D.E. 4].

Although the Federal Debt Collection Act (and the Notice) states that the court "shall hold a hearing" at the debtor's request, "courts have denied a hearing where the debtor did not object based on one of the issues specified in [section 3202], where the objection is plainly without merit, or where the objection is simply a matter of statutory interpretation." U.S. v. Miller, 588 F. Supp. 2d 789 (W.D. Mich. 2008). District Courts within the Fourth Circuit have agreed. See, e.g., U.S. v. Bullock, 2011 WL 486233 (W.D.N.C. 2011)(unpublished); U.S. v. Picklesimer, 2010 WL 2572850 (W.D.N.C. 2010). See also U.S. v. Greenberg, 2006 WL 3791373 (D. Vt. Dec. 22, 2006);

U.S. v. Feichtinger, 172 F.3d 54 (7th Cir. 1998)(unpublished)(holding that the FDCPA severely restricts the issues that a debtor may raise at a hearing."); U.S. v. Smith, 88 Fed. Appx. 981 (8th Cir. 2004)(unpublished); U.S. v. Poitra, 2009 WL 3063013, slip op. at *1 (D.N.D. Nov. 18, 2009); U.S. v. Furkin, 165 F.3d 33 (7th Cir. 1998)(holding that defendant was not entitled to a hearing when he did not file a "valid claim of exemption").

There is another provision that states that if the judgment debtor files an objection to the garnishee's answer within 20 days of receipt and requests a hearing, "[t]he court shall hold a hearing within 10 days after the date the request is received by the court, or as soon thereafter as is practicable, and give notice of the hearing date to all the parties." 28 U.S.C. section 3205(c)(5). That statute does not limit the purposes for such a hearing; however, the defendant's request for hearing was not in response to the garnishee's answer, so he is not entitled to a hearing under that section.

Because the issues raised by Defendant's claims would not grant him relief, he is not entitled to a hearing. As such, the undersigned will recommend that Defendant's request for a hearing be denied.

Even if Defendant's request for a hearing was proper, the existence of a period payment provision in a restitution order does not prohibit the Untied States from seeking a writ of garnishment for more than what the payment provision requires. See, e.g., U.S. v. Ekong, 518 F.3d 285 (5th Cir. 2007)(government may pursue immediate enforcement of restitution judgment despite provision in judgment specifying installment payments).

"An objection to garnishment may only challenge exemptions to which [the defendant] might be entitled, and the government's compliance with the [Fair Debt Collection practices Act.]" U.S.

v. Pugh, 75 F.Supp. 546 (8th Cir. 2003). A debtor who contests a writ of garnishment bears the burden of showing he is entitled to an exemption. U.S. v. Sawaf, 74 F.3d 119 (6th Cir. 1996).

Several Courts have discussed nearly identical issues. In Miller, supra, at 801, the Defendant had also asserted that his sole obligation to pay restitution during the term of his incarceration was limited to $25.00 per month, relying on the payment schedule set forth in the court's Judgment Order. The court found the defendant's assumption concerning the exclusivity of the court-ordered payment schedule was in error, citing U.S. v. Walker, 353 F.3d 130 (2nd Cir. 2003). In Walker, the Second Circuit held that "under MVRA, the sentencing judge exercises discretion over only a relatively small facet of a restitution order." Similarly, in U.S. v. James, 312 F.Supp.2d 802 (E.D. Va. 2004), the defendant attempted to resist garnishment of his retirement account on the ground that the government's collection efforts were contrary to the restitution order, which did not mention the retirement account and imposed a schedule of periodic payments, under which defendant was not in default. The court noted:

> While a schedule of $150 per month was put in place in the event restitution was not paid immediately, the existence of this schedule does not mean that the government is precluded from pursuing other avenues of insuring that defendant's restitution obligation is satisfied. Court-imposed payment schedules are merely one means available to enforce a restitution judgment.

In Miller, the court concluded:

> In sum, the court's payment schedule during the period of defendant's incarceration does not preclude the government from garnishing defendant's pension funds or reaching other assets in satisfaction of the restitution order.

Miller, supra, at 802.

Nor does the fact that Defendant participates in the Inmate Financial Responsibility Program, as ordered by the court, offer him any relief. As found in U.S. v. Lizarraga, 2012 WL 5995693 (D.

8

Ariz, November 30, 2012), the undersigned finds "[t]he fact that Defendant is participating in the Inmate Financial Responsibility Program, and is, through that program, making payments toward his restitution, is not a basis to object to, or defeat this garnishment action."

## RECOMMENDATION

For all the above reasons, the undersigned United States Magistrate Judge **RECOMMENDS** "Defendant's Request for Hearing About the Garnishment and Claim for Exemptions" [Docket Entry 4] be **DENIED** and this action be dismissed and stricken from the docket of the Court.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel of record and to Plaintiff pro se by Certified United States Mail.

Respectfully submitted this 23 day of May, 2013.

s/ *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE